IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
|         v. | ) | No. 08-0216-01-CR-W-FJG |
| | ) | |
| BRANDY M. WHEELER, | ) | |
|     Defendant. | ) | |

## ORDER

Pending before the Court is Movants V. Cheryl Womack and VCW Holding Company, LLC's Motion for Victim's Rights Enforcement under 18 U.S.C. § 3371(d)(3) (Doc. No. 23). Both the government and defendant Wheeler have filed responses to the motion (Doc. Nos. 26 and 27). Also pending is the government's Motion for Order to Unseal (Doc. No. 28), seeking the Court's permission to remove the seal from Document No. 13.

As an initial matter, the Court finds that V. Cheryl Womack lacks standing to file a motion for victim's rights enforcement, as Ms. Womack was not the "victim" in the underlying criminal matter, and restitution was ordered to be paid to VCW Holding Company, LLC. Therefore, the motion as it relates to V. Cheryl Womack is **DENIED** for lack of standing.

With respect to the motion as to VCW Holding Company, LLC (hereinafter "VCW"), the Court finds that a hearing on the motion is unnecessary. Movant VCW requests retroactive modification of restitution conditions. However, as noted by the government, the original restitution order included the amount of embezzled funds that purported were used to pay for the assets that defendant allegedly disposed of prior to sentencing. To the extent that movant is complaining that the government did not restrain or forfeit some of the assets Wheeler had obtained with embezzled proceeds, victims do not have a right to forfeiture under the CVRA (as opposed to restitution).

See In re Stake Center Locating, Inc., 731 F.3d 949, 951 (9th Cir. 2013).

Movant VCW further complains that defendant Wheeler is in breach of the existing restitution order. However, the government, defendant Wheeler, and her probation officer all assert that Wheeler is in full compliance with the court-ordered terms of supervised release, including payment of restitution. The Court agrees with the government and defendant Wheeler that defendant remains in compliance with payment of restitution, and no hearing is necessary on this issue.

Finally, movant VCW requests an order unsealing the government's motion for downward sentencing modification (Doc. No. 13, filed on August 3, 2010). The government has filed its own motion to unseal this document (see Motion, Doc. No. 28). For good cause shown, the government's motion (Doc. No. 28) to unseal Doc. No. 13 is **GRANTED**. The Clerk of the District Court shall forthwith unseal Doc. No. 13 so it is available to the public. Given the motion and order unsealing Doc. No. 13, movant VCW's request to unseal Doc. No. 13 is **DENIED AS MOOT.**

Therefore, for the foregoing reasons, movant's Motion for Victim's Rights Enforcement under 18 U.S.C. § 3371(d)(3) (Doc. No. 23) is **DENIED**, and the government's Motion for Order to Unseal (Doc. No. 28) is **GRANTED.**

**IT IS SO ORDERED.**

Date:  January 3, 2014  /s/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri  Fernando J. Gaitan, Jr.
 Chief United States District Judge